OWEN, Judge.
Appellant was convicted on each count of a three-count information charging (1) breaking and entering a dwelling with intent to commit a felony, to wit: larceny of a motor vehicle, (2) assault and battery, and (3) larceny of a motor vehicle.
Appellant seeks reversal of the judgments on the grounds that the evidence was insufficient to support a finding that appellant had procured a breaking and entering with the intent to commit larceny of a motor vehicle, and that the evidence of identity of appellant was insufficient. Our review of the briefs and record satisfies us that neither point has merit and the judgments are severally affirmed.
 On the count of breaking and entering with intent to commit a felony, appellant was sentenced to fifteen years in prison with the proviso that after he had served three years of that term he would be placed on probation for a period of twelve years. A sentence of this type, authorized by Ch. 74-112, Laws of Fla. (1974),[1] would be appropriate as to offenses occurring after its effective date, July 1, 1974. Although appellant was not sentenced until November 5, 1974, the offense of which he stands convicted occurred on January 2, 1974. The punishment in effect at the time of the crime is that under which a convicted person should be sentenced. Castle v. State, 305 So.2d 794 (Fla.App. 4th 1974). Appellant, relying upon Owens v. State, 306 So.2d 176 (Fla. App. 4th 1975) and cases therein cited, contends that the portion of the sentence providing for probation is void and should be stricken. Appellant’s contention is correct to -the extent that a sentence for an offense occurring prior to the effective date of Ch. 74-112, Laws of Fla. (1974), may not validly impose a period of probation following the period of imprisonment specified, and that in the cases upon which appellant relies the courts did strike as void that portion of the sentence providing for probation after the prison term has been served. However, none of these cases will be helpful to appellant because he was not sentenced to three years’ imprisonment followed by twelve years of probation, but rather was sentenced to fifteen years in prison with the proviso that after serving three years he would be placed on probation for twelve years. Thus, simply striking as void that portion of the sentence which divides the fifteen years’ imprisonment (so as to allow for the last twelve years to be on probation) has no ef- *200 feet beyond making the sentence simply one for fifteen years’ imprisonment.
We could strike that portion of the sentence as. surplusage and leave it at that. However, it is apparent from the record of the sentencing proceeding that the trial court felt that appellant was entitled to some leniency rather than the maximum sentence. We think that justice would'be better served by vacating the sentence and remanding to the trial court for the imposition of a proper sentence, thereby affording to the trial court the opportunity to exercise his sound discretion as to the leniency, if any, to which he deems appellant entitled.
Judgment affirmed; sentence vacated and the cause remanded for imposition of an appropriate sentence in accordance with the views herein expressed.
CROSS and DOWNEY, JJ., concur.

. Amending Fla.Stat. § 948.01(4) (1973).